[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE ARBITRATION AWARD
Both plaintiff and defendant have made motions addressed to an Arbitration Award dated August 12, 1992. The defendant has moved to Vacate the Award and the plaintiff to Modify or Correct the Award.
A. Re Motion to Vacate the Award
The defendant first argues that the plaintiff's motion to correct the award because of a miscalculation is procedurally improper. The court finds that the motion is proper and particularly appropriate in this case under52-419 of the Connecticut General Statutes. In any event this is not a reason to vacate the award.
The defendant next claims that the arbitrators concluded correctly that Florida law governs construction of the policy. However, its next claim that Florida rules of procedure regarding this courts scope of judicial review of the award does not follow. Furthermore, the Honorable Robert C. Leuba on December 17, 1990, ruled that Connecticut was a proper forum for the arbitration of this matter rather than Florida. The plaintiff's motion to compel arbitration in Connecticut was granted. The defendant thereafter participated in the arbitration in Connecticut. Judge Leuba's ruling is the law of the case. The procedural law of Connecticut therefore applies. CT Page 11482
In applying Florida law to the construction of the State Farm Policy, the arbitrators found that the policy requires the claimant (plaintiff) to secure the respondent's (defendant) consent before a settlement with a "person legally liable for the insured's bodily injury." They also found that the plaintiff did not seek the defendant's consent before entering into a settlement with a Karl Samse, the operator of a third vehicle in the accident, in addition to the plaintiff and the uninsured defendant. However, they further found that Samse was not a "person legally liable for the insured's bodily injury." Thus, the plaintiff's failure to seek consent does not bar her claim according to the Arbitrator's decision.
The court finds that the arbitrators gave the defendant credit for the $2,000.00 payment by Samse to the defendant. They also found that Samse was not liable for the plaintiff's injury. The court finds that such a finding is permissible under the law and is not a basis for vacating the award.
Accordingly, the motion to vacate the award is hereby denied.
 B. Re Application to Modify or Correct The Arbitration Award.
On September 10, 1992, the plaintiff filed an Application to Modify or Correct the Arbitrators Award.
The arbitrators found in favor of the plaintiff and found the total value of the plaintiff's case to be $95,000.00. The total coverage available to the plaintiff was $120,000.00 divided between a policy issued by USFG Insurance Company in the sum of $20,000.00 and the defendant's policy in the sum of $100,000.00 Each company is obligated to pay its prorata share of the loss. Since the defendant holds 83% of the total coverage, its prorata share is 83% and the USFG share is 17%. They then found that the defendant was entitled to a set-off of $20,000.00 paid to the plaintiff by USFG Insurance Company and of an additional $2,000.00 paid by Karl Samse, a motorist not involved in this case, but whose vehicle collided with the plaintiff's vehicle in this accident. CT Page 11483
The arbitrators then awarded the plaintiff $56,850.00 instead of $73,000.00. The court finds this award to be ". . . an evident miscalculation of figures or an evident material mistake . . ." Connecticut General Statutes52-419(a)(1).
From the decision it appears that the arbitrators determined that the defendant's prorata share of the total value of the plaintiff's claim was 83% of $95,000.00 or $78,850.00. They then deducted $22,000.00 from the $78,850.00 to arrive at the award of $56,850.00. They thus deducted twice from the total award of $95,000.00 to credit the defendant for the coverage provided by the other carrier, USFG, instead of only once.
By concluding that the defendant's prorata share was $78,850.00, or 83% of $95,000.00, they had already deducted 17% or $16,150.00 from the total award due to the plaintiff. They then deducted $22,000.00 additional. Thus they awarded the defendant a windfall credit of almost double the proper set-off amount. They gave the defendant a total credit of $38,150.00 instead of $22,000.00.
Had no payment been made the defendant would have been ordered to pay $78,850.00 (83%) and USFG $16,150 (17%), total $95,000.00. Since USFG paid $20,000.00 the defendant is entitled to that amount as a set-off, but not an additional $16,150.00.
In accordance with 52-419(a)(1) of the Connecticut General Statutes, the court hereby orders that the erroneous calculation by the arbitrators be corrected and that the defendant pay a corrected award of $73,000.00 plus interest from the date of the award, August 12, 1992 as authorized under 37-3a of the Connecticut General Statutes made and provided in such cases.
In view of the foregoing the Motion for Articulation is moot and is therefore denied.
Hurley, J. CT Page 11484